Citation Nr: 1513856 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-33 402 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney at Law


WITNESSES AT HEARING ON APPEAL

Appellant, C. A., and L. H



ATTORNEY FOR THE BOARD

K. Hughes, Counsel


INTRODUCTION

The Veteran served on active duty from January 1948 to January 1952, and from April 1958 to October 1959. He also had National Guard service, including periods of ACDUTRA and or INACDUTRA between October 1964 to October 1978. He died in June 2008 at the age of 77. The Appellant is his surviving spouse.

This appeal comes before the Board of Veterans' Appeals (Board) from an October 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. A hearing before the undersigned Veterans Law Judge was held in June 2011. 

The Board remanded the matter for additional development in September 2011. A February 2014 Board decision denied the claim. The Appellant appealed that decision to the Court of Appeals for Veterans Claims and, by an October 2014 Order, the Court vacated the decision and remanded it for adjudication pursuant to the Joint Motion for Remand (JMR).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

On review of the record, the Board has found that further development is needed for VA to fulfill its duties mandated under the VCAA.

In its September 2011 remand, the Board instructed the AOJ to "[v]erify all periods of the Veteran's reserve and/or National Guard service" and "[o]btain all service treatment records, including all records from each period of reserve or National Guard service." Review of the record shows that, although the AOJ obtained verification of the Veteran's reserve and National Guard service; the Veteran's service treatment records during the verified periods were not requested and have not been obtained. Accordingly, as stated in the Joint Motion, the Board erred as a matter of law when it failed to ensure compliance with its remand orders. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Thus, a remand is necessary.

Further, a March 2015 argument from the Appellant's attorney notes that "[a]n October 2007 VA release or [sic] information form identifies records of treatment for a heart condition as early as 1991. There is no evidence in the record indicating VA attempted to retrieve these records, or that it notified the appellant that the records could not be obtained." Review of the record shows that the October 2007 Authorization and Consent to Release Information to the Department of Veterans Affairs executed by the Veteran shows treatment at Wake Forest University Baptist Medical Center for "heart conditions" from 1991 to 1995. Review of the record also shows that copies of the Veteran's treatment records from Wake Forest University Baptist Medical Center from 1997 to 2007 have been associated with the claims file; however, copies of such records prior to 1997 are not available for review. These records have not been sought; as they may contain pertinent (even critical) evidence in the matter at hand, they must be secured.


Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all service treatment records, including all records from each period of reserve or National Guard service which have been identified. The AOJ must conduct an exhaustive search for such records, including contacting any facility where the records may have been retired. All development efforts (to include negative responses received) should be documented in the claims file.

2. The AOJ should ask the Appellant to identify the provider(s) of any and all VA and/or private evaluations and/or treatment the Veteran received for his cardiovascular complaints, and to provide authorizations for VA to secure records of any such private treatment. The AOJ should secure for the record complete clinical records of all pertinent evaluations or treatment (records of which are not already associated with the record) from the providers identified. The attention of the AOJ is specifically directed to complete records from Wake Forest University Baptist Medical Center prior to 1997. If any records sought are unavailable, the reason for their unavailability must be noted in the record. If a private provider does not respond to the AOJ's request for identified records sought, the Appellant must be so notified, and reminded that ultimately it is her responsibility to ensure that private treatment records are received.

3. After completion of the above, the AOJ should review the record, and arrange for any further development suggested by the evidence received (e.g., a new VA nexus opinion from a cardiologist) and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case (SSOC) and afford the Appellant and her attorney opportunity to respond. The case should then be returned to the Board for appellate review.

The Appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).